Good morning, Your Honors. May it please the Court, Deputy Federal Public Defender Tracy Cassadio for Petitioner Appellant Vaughn Archer. With the Court's permission, I would like to reserve just one or two moments for rebuttal. Vaughn Archer pled guilty on the understanding that if he went to trial and was convicted on all charges, he would serve over 34 years to life. But that was not necessarily the case. In the words of the Court of Appeal, California Penal Code Section 654 very well may have applied to reduce his sentence. I'm sorry to cut you off, but I have a number of questions and we have limited time. I think we're pretty familiar with the facts here. But have you or your client ever attempted to obtain a declaration from Mr. Archer's allegedly deficient counsel? That was notably missing in the record or any explanation for that. So I'm very curious about that. I was not appointed in telepeel, and so I have not reached out to trial counsel. However, and we don't know what Mr. Archer's efforts were. Unfortunately, the trial court advised Archer prior to his motion to withdraw his plea that IAC was not a basis for withdrawing the plea. We don't know how that misadvice. But you haven't attempted to do this? Why haven't you attempted to do this, to reach out to his counsel, the person who was representing him at the time? Or why at least offer an explanation? I don't think I understand. Well my understanding is that when we're in the Ninth Circuit, we are limited to the record before the district court. And thus, I don't know how I would. But even within the district court, I mean, did anything happen at the district court to try to offer an explanation? Mr. Archer was pro se in the district court, and there was no declaration offered. However, there are cases in which this court has granted an evidentiary hearing without counsel's declaration, and those include Espinoza v. Spearman, Barrios v. Dexter, and Rose v. Hedgepeth. And I can provide the court with case numbers in a 28-J letter if the court desires. What exactly is the error that you believe the state court made? Was the error only in the 27-year, 4-month calculation was also incorrect? I need some clarity on that. Well, indeed, the 27-year, 4-month calculation may have been incorrect. What the court told Mr. Archer was that he could not go lower than that on an open plea. But if Mr. Archer had been advised that he was entitled to an evidentiary hearing on the application of 654, and if such a hearing had been held, it is possible that they could have gotten lower. But so what exactly is the error that you believe the state trial court made? The state trial court should have advised Archer that by pleading guilty, he was waiving the application of section 654, which may have reduced his potential sentence, even if he went to trial and was convicted on all charges. But that's discretionary relief, is it not? The findings of fact are to support to get 654. Yes, to support the application, the findings of fact are discretionary. But once the facts are found that this is all part of a single indivisible offense, then the language becomes mandatory that the defendant cannot be sentenced on multiple convictions involving an indivisible conduct. So I understand that on the 654, your really focus is on that. But there were a lot of numbers, and I guess I just want to know if I need to, how closely I need to track this, because it really wasn't clear to me, based on the references to the record, and I just hope you could explain to me the numbers that the court miscalculated and precisely, or allegedly miscalculated and precisely what you think is incorrect about them. So there are two factors, and I want to separate them. First of all, the court was in violation of Boykin and Bradshaw simply by not advising Archer that he was waiving this potential relief. That's one error, and it has nothing to do with calculation. A second error, however, is that what the trial court said is, on an open plea, we can't get below 27 years, 4 months. And indeed, if there had been a Section 654 hearing, it is very possible that they would have found that they could have gotten below 27 years, 4 months. It is very possible they could have gotten to 23 years by not charging both carjacking and robbery for two separate victims. Embedded in what you just told us, what is the federal constitutional violation? The federal constitutional violation is a failure to advise a criminal defendant about sentencing consequences of his plea in order to ensure a knowing and voluntary waiver. Federal courts don't have that obligation. A federal trial judge simply does not have that obligation. The obligation in federal court is defined by Rule 11 plus case law that requires advising a defendant of things like immigration consequences. But there are all kinds of consequences of an adjudication of guilt, carrying a felony conviction, that follow defendants that a district court simply does not have the responsibility to tell the defendant about. And yet, Your Honor, Boykin refers to advising the client on the permissible range of sentencing. And as Jameson v. Klempp held, it is clearly established federal law under Boykin that the permissible sentencing range must be part of the advice that the trial court provides to the criminal defendant. I'm not quite sure about the trial court's obligation here. I think your better focus might be with respect to counsel from his trial counsel. And so let's assume we agree with you that the California Court of Appeals was unreasonable in applying Strickland and determining the facts in this case with regards to what his lawyer's obligation was in advising him of all the ramifications of 654 and everything else. Help me understand what happens next. It seems to me that we do not or we may not have sufficient evidence in the record at this point to simply grant Mr. Archer relief. So I suppose the other possibility would be to remand for an evidentiary hearing. But it seems to me, and this is what I want to ask you about, that EDPA bars Mr. Archer from obtaining an evidentiary hearing because he may have failed to develop the factual basis of his claim in state court. So if he's failed to do that in state court proceedings, I think the statute is 2254E2 says the court shall not hold an evidentiary hearing on the claim unless the applicant can show cause and prejudice, which I don't think Mr. Archer argues here. So what evidence in the record can you point me to that shows that Mr. Archer diligently attempted to develop the record in the state court? Your Honor, unfortunately, the record is very sparse on that issue. Mr. Archer was representing himself pro per in his motion to withdraw. He was advised by the trial court in preparation for that motion that ineffective assistance would not be a basis for that, so we don't know whether that faulty advice affected Mr. Archer's preparation. So he never, did he ever ask for an evidentiary hearing in state court or in federal district court? This was solely a direct appeal claim, so he did not ask for an evidentiary hearing in state court. But, in fact, this is an interesting case because he did receive an evidentiary hearing. It was his motion to withdraw. And whether or not that was a full and fair hearing that would preclude deference under 2254d-2, because of the trial court's misadvisement that ineffective assistance would not be a basis for withdrawing the claim, we really don't know how that affected Mr. Archer's decision making. The other thing that I just want to raise, Your Honor, is in my experience doing habeas for 10 years, the L.A. County Public Defender's Office has a policy of not cooperating in ineffective assistance of counsel investigations or providing declarations. So this very well may have been something that was not available to Mr. Archer. I see that I'm running out of time. Judge Gould, do you have any questions? No questions here. All right. Thank you. Thank you. Thank you. Good morning, Your Honors. Deputy Attorney General Stephanie Santoro for the warden. I'd first like to address Judge Murguia's question about whether she needs to be focused on the numbers. There are a lot of numbers in this case, and that's why I set forth that chart in my brief on page 14. My understanding of the record is that the calculation itself is not at issue in terms of how the numbers were imposed and then added up. It is more that as to the issue of whether the plea was voluntary under the first claim. It's whether the trial court was required under the Supreme Court precedent to advise the petitioner of the potential application of 654. And I think Judge Parker kind of hit this on the head, which is, you know, there are a lot of consequences that the court is required to advise a petitioner of when they take a plea. And the Supreme Court has stated in Brady and Bradshaw that it must be a direct and likely consequence. So, for example, you're waiving your right to a trial. If you went to trial, your maximum exposure in this case is 34 years, four months to life. But the potential application that some of his punishments might be stayed under 654 is, as both courts, the Court of Appeal and the district were found entirely speculative. It could be that there is a rare situation in which 654 would apply as a matter of law, because the facts are so clear that the defendant's one act really constitutes one indivisible course of conduct. But that is not the case in this situation. And those are all arguments with respect to the court's duty. Is that correct? If I could ask you about his counsel's duty, because I think that's very different. And I don't think the same law that applies to the trial court applies to counsel. In fact, I think it's much the opposite. You're supposed to go over every possible ramification and give good advice and counsel to your client. And so here, Mr. Archer cited a number of professional standards for defense lawyers that seem pretty clear. Again, the counsel must advise the defendant, considering a plea of the probable sentence that the defendant would face if he proceeded to trial, including the rules that would affect the sentence. So how is it possible that a defense attorney in California is not required to discuss Section 654 with his or her client when it's clear from the facts that the crimes of 654 will likely apply to some of the charges? Well, as you noted, with counsel, we don't know what trial counsel here did or did not tell Petitioner. So even assuming he did not tell him anything, Petitioner has not shown prejudice here. The statements that he made at the motion to withdraw the plea show that he really was most concerned with his life term. And so had he gone to trial, even if counsel had told him about the application of 654, nobody contests that the life term would have gone away. The life term would have stuck, assuming he was convicted of kidnapping. And so to that extent, there has been a failure of showing prejudice. So that's easily disposable. But I don't know that it's that easily disposable, but I appreciate your argument on that. Because what you said right here, we don't know what his counsel said. And I just want to focus on that for a minute because the California Court of Appeal and Archer's direct appeal seemed to conclude that Archer had failed to specifically allege present evidence in support of his ineffective assistance claim. But I guess Archer was representing himself when he filed the motion and declaration. What more could he have submitted at that point? And I guess I'm trying to figure out, did he have a full and fair opportunity to develop the record in state court in his direct appeal once he did have counsel? Or was his claim denied before he could even ask for an evidentiary hearing? Because that issue is before us right now. So your question is, did he have a full and fair opportunity based on the fact that he had a motion to withdraw hearing? Or at any point in time to develop the record in this case regarding, because that was specifically the reason that the California Court of Appeals said, no, you can't go forward because you haven't really asserted enough for us to make a determination on whether or not you were denied an effective assistance of counsel. Well, if I understand your question correctly, that speaks to petitioner's decision to represent himself at the trial level, no? In that he chose to represent himself and exercise his right of rights. The court found that to be knowing and granted it to him. He filed his motion to withdraw. And I mean, the thing is. But on habeas relief, he had to show. In district court. Yes. And was he denied a fair opportunity to show that? Well, on habeas relief in district court, he's not entitled to an attorney. And if he is able or not able to found the record as it is, that's kind of what he's stuck with. Yeah. And you're right on that. I guess I'm just wanting to make sure that he had an opportunity to develop the record in state court in his direct appeal. Once he had counsel on his whole claim of ineffective assistance of counsel at the trial court. Well, then I think that that onus is upon appellate counsel in the state court to do so. And he or she did not. And so the record is what it is. So we're left with his pro per statements and his motion to withdraw. Nothing in the direct appeal for which he had state appointed counsel. And then, again, nothing in the district court at which point he was proper. One of the things I'm not entirely clear on is I look on the record at the record in this case. Why wouldn't he have gotten gotten 654 relief? Well, I think that's precisely the issue. We don't know what he may have. He may not have. And you know what? I think I ended up. He seems to meet the test. But, you know, I could be missing something. Well, I think it's not that you could be missing something. It's that we don't have a full record. All we have here is a preliminary hearing. And the evidence adduced at preliminary hearing is meeting a different bar than what would be presented at a full trial or even an evidentiary hearing on 654. And so even giving petitioner the benefit of the doubt, if we were to say, and I'm referring to my chart on page 14 in Appellee's brief, the fact that there were three victims plus his four priors, even if you just did the basic math saying we're going to stay the other counts for each victim, that would leave counts 2, 4, and 7 as his maximum exposure, which by my calculations comes out to about 20 years plus life. So assuming 654 did apply, which we don't know, plus the four priors. I'm sorry, that would be 15 years plus the four priors. That's about 20 years to life. That's still not close to the 15 that he's alleging in his motion to withdraw should have, that would have changed his mind. And again, 654 really, if we were to say that counsel has an obligation to advise him of 654, this is more about the trial court. If trial court had a duty to advise him of 654 or even counsel, would have had to tell him every single possible permutation from 34 years to life down to zero. Right. Because it could be that the robbery count was he was acquitted of that, but he was found of carjacking. And then it could be that as to this victim, it was found he was found guilty, but not as to this victim. So really, in my mind, it looks like a flowchart from law school where it could just take so many different paths between the most and the least, which is zero. And to require the trial court to advise him of that really is just impractical and not required by the Supreme Court. This court in Torrey v. Estelle has held direct consequences to mean those that are definite, immediate and largely automatic. And your position is that 654 doesn't get it. It is entirely speculative. And though he could have had a 654 evidentiary hearing, the state court case, I think it's People v. Ross, it does not require an evidentiary hearing. It just held that it's not error for a court to hold one in connection with the police. Why aren't Mr. Archer's pro se statements enough to show prejudice? Well, one, they are entirely self-serving and made after the fact. And as the trial court aptly characterized it, really just buyer's remorse. I mean, if we were to credit his statements alone as being sufficient to show prejudice without a declaration from counsel or any other evidence, I think that that would really set a pretty low bar and any petitioner could come forth after they've negotiated a plea. Maybe a jailhouse attorney tells them, hey, you know, you could have finagled something better or 654 could have applied. And then you just file an evidentiary hearing saying, if I had known of X, I would not have taken the plea. And in this case, the record shows that it was made knowingly and voluntarily. The state court reasonably concluded that. And so the district court judgment should be affirmed. Unless there are any other questions. Judge Kuhl? No questions. Thank you. Thank you. You may have two minutes. Thank you, Your Honor. I'll be brief. I want to just make the point that actions speak louder than words. Mr. Archer moved to withdraw his plea. If he had been successful in doing so, he would have had to go to trial. How long after he pled did he make this remand? He advised the court that he wanted to withdraw the plea in February. And the plea was taken at the end of October. I also want to note, counsel has mentioned that the focus was really on life. But when you look at the term of years that Mr. Archer was looking at, the 34 plus years to life, 34 years alone would have put Mr. Archer at age 77 for his earliest parole eligibility. The 27 years that he actually pled to puts him at age 70 at the time of his release. And so when we're looking at Mr. Archer being of such extreme age at the time of his potential release or release, the difference between life and what he got or what he could have gotten is not large enough to make that differentiation. Mr. Archer was focused in on the term of years. And I just want to focus the court on Mr. Archer's statements. I could have proceeded to trial and went to trial if I wasn't facing 34 years to life. I think that shows prejudice. But he was facing 34 years to life. But that term may have been reduced by Section 654, and that is what Mr. Archer was not aware of when he pled. Okay. Thank you very much. I appreciate the arguments presented here today, Ms. Casadio and Ms. Santoro. Thank you very much. The case of Juan S. Archer v. Daniel Permore is submitted.
judges: Parker, Gould, Murguia